Steve JENNINGS, Appellant,

v.

RADIO STATION KSCS, 96.3 F.M., INC., John Hanson, Mike Baker, Jeff Hunter, Jimmy Stewart, Appellees.

No. 2-87-011-CV.

Court of Appeals of Texas, Fort Worth.

Feb. 4, 1988.

Rehearing Denied March 3, 1988.

John D. Crawford, Dallas, for appellant.

Bishop, Payne, Lamsens & Brown, Thomas J. Williams, Fort Worth, for appellees.

Before FENDER, C.J., and JOE SPURLOCK, II and KELTNER, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, a prisoner in the Texas Department of Corrections, brought suit against appellees for breach of an oral contract. The trial court granted appellees' motion for summary judgment denying appellant's right of recovery. We reversed and remanded, holding appellant's petition had stated a cause of action in contract. *Jennings v. Radio Station KSCS*, 708 S.W.2d 60 (Tex.App.—Fort Worth 1986, no writ). Upon remand, appellees again moved for summary judgment which was granted.

We affirm the trial court's entry of a summary judgment for appellees John Hanson, Mike Baker, Jeff Hunter and Jimmy Stewart. We reverse and remand the trial court's entry of summary judgment for appellee Radio Station KSCS, 96.3 F.M., Inc.

Appellant's affidavit controverting appellees' motion for summary judgment alleges: 1) that appellant heard appellees orally offer to guarantee payment of $25,000 to a listener of appellees' radio station who caught appellees playing fewer than three songs in a row due to a commercial interruption; 2) that appellant accepted the offer by listening to appellees' station; 3) that appellees interrupted the playing of consecutive songs by giving a five to seven-second commercial advertising of names of songs and singers; 4) that appellant by letter notified appellees that he had caught appellees' playing less than three songs in a row; 5) that appellant never heard appellees' qualifying rules to the contest; and 6) that appellees refused to pay appellant $25,000.

Appellant brings one point of error generally complaining of the trial court's action in granting a summary judgment. In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there existed no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in

the light most favorable to the non-movant. *See id.*

■ This court has previously reversed and remanded this cause holding that appellant's petition sufficiently alleged a cause of action sounding in breach of contract. Upon remand, appellees again moved for summary judgment asserting the rules of the contest promulgated by appellee Radio Station KSCS as part of the contest excluded from the guarantee, statements such as those under discussion in this case. The written "three in a row guarantee" stated that: "KSCS FM 96 guarantees to play three or more songs in a row *without commercial interruption."* [Emphasis added.] It specifically provided that the interruption applied "only to commercial announcements—paid announcements for products, services, or commercial enterprises." The guarantee further provided that musical segments interrupted by "any other kind of announcement, such as a public service announcement, station I.D., time check, or a station promotional announcement, do not qualify under the guarantee." Appellees argue that, as a matter of law, appellant must take nothing because the interruptions of which he complains were not paid commercial products or services.

Appellant's response to appellees' motion for summary judgment alleges that appellees made a commercial interruption by stating, " '[r]emember, when you want more country music without all the bull you want KSCS, 96.3'.; 'You just heard, (names of songs and singers, etc.).' " Appellant further asserts that records played by the appellees on the air are sent to the appellees by or on behalf of record companies without charge, and in return appellees advertise the names of the record company's songs and singers. Basically, appellant's affidavit avers that the receipt of these records by appellees is a valuable consideration flowing to them, and amounts to a payment to appellees. Therefore, when appellees announced the names of the songs and singers, this resulted in a paid commercial interruption. We find that the summary judgment proof raises a genuine issue of material fact as to whether such interruptions qualify as a paid commercial interruption as defined in appellees' contest rules.

In the alternative, appellees urge the trial court's entry of summary judgment for appellees Hanson, Baker and Stewart is correct. These appellees were employees of Radio Station KSCS acting only as agents entering into contracts on behalf of a disclosed principal and the liability therefore falls on the disclosed principal, the radio station. *See Talmadge Tinsley Co., Inc. v. Kerr,* 541 S.W.2d 207, 208–09 (Tex. Civ.App.—Dallas 1976, writ ref'd n.r.e.) (opinion on reh'g). Appellant did not respond to this issue in his response to appellees' motion for summary judgment.

■ A defendant may move for a summary judgment based on an affirmative defense. The burden in this situation is to prove conclusively all the elements of such defense as a matter of law; there can be no genuine issue of material fact. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310 (Tex. 1984). However, when a party is opposing a summary judgment filed on the basis of an affirmative defense, the non-movant has no burden in response, unless the movant has conclusively established a defense. *See Torres v. Western Casualty and Surety Company,* 457 S.W.2d 50, 52 (Tex.1970). The movant must come forward with summary judgment evidence with respect to each element of the affirmative defense. *Nichols v. Smith,* 507 S.W.2d 518, 520 (Tex.1974). Once the movant establishes a right to a summary judgment, the non-movant in his response must expressly present any reasons seeking to avoid the movant's entitlement, and such reasons must be supported by summary judgment proof to establish a fact issue. *Palmer v. Enserch Corp,* 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

■ Agency is an affirmative defense. *Seale v. Nichols,* 505 S.W.2d 251, 254 (Tex. 1974). Appellees' summary judgment evidence reflects that appellees Hanson, Baker and Stewart were disc jockeys of appellee Radio Station KSCS, and these individuals were acting solely in an agency capacity

with the authority to announce the contest at issue on behalf of Radio Station KSCS, a disclosed principal. These appellees have met their burden of establishing the elements of agency as an affirmative defense. However, the appellant has failed to present any summary judgment proof raising a fact issue regarding this affirmative defense. Because the appellant has produced no summary judgment proof that said appellees were not acting as agents on behalf of a disclosed principal, thereby incurring personal liability, we conclude there is no genuine issue of material fact as to the liability of the individual appellees Hanson, Baker and Stewart.

 With regard to the judgment in favor of appellee Hunter, in reviewing a summary judgment case, evidence which favors the movant's position will be considered on appeal only if such evidence is uncontroverted. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W. 2d 41, 47 (Tex.1965). In the case at bar, appellees established in the affidavit of Charles Goodyear that there was no person named Jeff Hunter employed at Radio Station KSCS at any time relevant to this suit. Appellant did not controvert this evidence. Therefore, we find nothing in the record which would warrant the conclusion that Jeff Hunter was a proper party to this law suit as an employee of Radio Station KSCS.

We affirm the trial court's entry of summary judgment in part as to Hanson, Baker, Hunter and Stewart, and we reverse and remand the trial court's summary judgment entry in part as to the remaining appellee, Radio Station KSCS. All court costs are assessed against appellee Radio Station KSCS.

KELTNER, Justice, concurring in part, dissenting in part.

I respectfully dissent from the majority's reversal of the summary judgment in favor of KSCS, but concur with the majority's action in affirming the summary judgment in favor of the KSCS employees.

The majority holds that Jennings' affidavit, filed in response to KSCS's motion for summary judgment, raises a genuine issue of material fact. I disagree.

Specifically, Jennings avers in his affidavit that KSCS interrupted the playing of "three-in-a-row" by stating, " '[r]emember, when you want more country music without all the bull you want KSCS, 96.3'.; 'You just heard, (names of songs and singers, etc.).' " Jennings further avers that the interruption was a "commercial interruption" under the contest rules because the radio station's receipt of the records was, "a valuable consideration."

Jennings claims that undisclosed record companies send records to the radio station, without charge, in return for the radio station announcing the names of the record companies' songs and singers on the air. The affidavit states:

> The records played by the Defendant on the air are sent to the Defendant by or on behalf of the record companies without charge. The receipt of these records is a valuable consideration flowing to the Defendant. Stated differently, the receipt by Defendant of the records from the record companies is, and amounts to, a payment to Defendant. For this payment, the Defendant makes a paid commercial interruption when it advertises the names of the record company's songs and singers. These paid commercial interruptions having occurred after only two songs in a row followed the same type advertisements following three songs in a row when Defendant purported to play "five-in-a-row" as is shown on the attached Exhibit B, C and D.

The above quoted language does not constitute adequate summary judgment proof for several reasons.

First, the affidavit must show how the affiant became personally familiar with the facts in the affidavit. *J.T. Fulgham Co. v. Stewart Title Guar. Co.*, 649 S.W.2d 128, 130 (Tex.App.—Dallas 1983, writ ref'd n.r. e.). Texas courts have held that it is not sufficient to make a "self-serving recitation" that the affiant has "personal knowledge of the relevant facts." *Id.* at 130; *Murfee v. Oquin*, 423 S.W.2d 172, 174 (Tex. Civ.App.—Amarillo 1967, writ ref'd n.r.e.).

KSCS has preserved this error for appeal by objecting to the above portion of the affidavit on the grounds that the affidavit did not demonstrate that Jennings had personal knowledge of the facts regarding the undisclosed record companies. *Sparks v. Cameron Emp. Credit Union,* 678 S.W.2d 600, 602–03 (Tex.App.—Houston [14th Dist.] 1984, no writ).

Jennings' counsel was questioned on this issue during oral argument. He stated that Jennings had knowledge because he had previously done "promotional work" for Ray Wylie Hubbard, a prominent country western performer. In fact, one of the attachments to the affidavit is a letter to KSCS, whereby Jennings stated that he had done work for Ray Wylie Hubbard and offered KSCS an "exclusive" on Hubbard's new album.

However, there is no link between Jennings "doing professional work" and the averments in the affidavit. (Likewise, KSCS objected to the letter on the grounds of hearsay). As a result, Jennings' affidavit does not tie his work with Ray Wylie Hubbard to knowledge of KSCS's dealings with undisclosed record companies. (It is unclear from the affidavit what job functions Jennings performed for Ray Wylie Hubbard).

Second, Jennings' statement that the receipt of the records by KSCS as a "valuable consideration" is a legal conclusion. Legal conclusions do not constitute summary judgment proof and are insufficient to raise an issue of fact. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Life Ins. Co. of Virginia v. Gar–Dal, Inc.,* 570 S.W.2d 378, 381 (Tex.1978).

As a result, I believe that the majority's reliance on the above-quoted portion of the affidavit is misplaced. Therefore, I dissent from the majority's ruling as to KSCS and concur with the majority's ruling as to John Hanson, Mike Baker, Jeff Hunter and Jimmy Stewart.