**TRIPP VILLAGE JOINT
VENTURE, Appellant,**

v.

**MBANK LINCOLN CENTRE,
N.A., Appellee.**

No. 05–88–01107–CV.

Court of Appeals of Texas,
Dallas.

July 5, 1989.
Rehearing Denied Aug. 18, 1989.

Curt D. Reimann, Jones, Allen & Fuquay, Nathan Allen, Jr., Dallas, for appellant.

Christopher G. Sharp, Cecilia H. Morgan, Coffee, Coffee & Sharp, Dallas, for appellee.

Before ENOCH, C.J., and WHITHAM and BURNETT, JJ.

ENOCH, Chief Justice.

Tripp Village Joint Venture (Tripp) appeals from a summary judgment granted in favor of MBank Lincoln Centre, N.A., appellee. Tripp raises seven points of error alleging that summary judgment was improper for various reasons. Concluding the points of error are without merit, we affirm.

## FACTS

Ryon Hukill and Larry Harbour were members and managers of the Tripp joint venture (Tripp). Hukill and Harbour were also owners of a real estate management firm called Harbour/Hukill, Inc. (Hukill, Inc.). Although various affiliates of Hukill, Inc. were under contract with Tripp for operation and development of the venture, Hukill, Inc. was not associated in any way with Tripp.

MBank loaned $80,000 to Hukill, Inc. This transaction was secured by Hukill, as manager of Tripp, executing and delivering a security agreement giving MBank a security interest in an $80,000 certificate of deposit (CD) owned by Tripp. The note

was renewed on several occasions. The debt matured on October 10, 1986. At maturity, MBank made demand for payment. When payment was not tendered, the bank sent notice of sale of the collateral by certified mail to Tripp. Tripp's attorney notified MBank that it opposed the sale. MBank filed for declaratory judgment and subsequently moved for summary judgment.

At the outset, we note that summary judgment is proper where there is no genuine issue as to any material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). *See also American Petrofina Co. v. Crump Business Forms, Inc.*, 597 S.W.2d 467, 470 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.); TEX.R.CIV.P. 166a(c). In determining whether there is a genuine issue of fact in a case, the evidence must be construed in the light most favorable to the party opposing the motion, and all doubts must be resolved against the movant. *First Nat'l Bank v. Rector*, 710 S.W.2d 100, 103 (Tex. App.—Austin 1986, writ ref'd n.r.e.). Further, the appellate court must accept as true the non-movant's version of the evidence and make every reasonable inference in the non-movant's favor. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 744 (Tex.1985); *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984).

### JOINT VENTURE AGREEMENT

The controlling document in this case is the Tripp joint venture agreement. Among other matters, this agreement expressly manifests managerial authority in Hukill and Harbour, individually. Importantly, section 6.3 of the joint venture agreement states:

6.3 *Power to Execute Documents.* The Joint Venturers hereby grant to the Venture Manager (i.e., either Larry H. Harbour or Ryon Hukill, without the necessity of joinder by the other) the power, without joinder of the other Joint Venturers, to execute any and all documents, contracts, deeds, evidences of indebtedness, deeds of trust, security agreements, leases, and such other documents and instruments as may be necessary or expedient to carry out and effectuate the purpose of the joint venture. Although this paragraph shall not be deemed to supersede paragraph 6.4 below, as such subsequent paragraph regulates relations among the Joint Venturers themselves, it shall supersede paragraph 6.4 with regard to third parties transacting business with the Venture Manager. *Accordingly, any document or instrument, when executed by the Venture Manager, shall be as to third parties conclusive evidence that the execution of such document or instrument has been authorized in accordance with this Agreement.*

(Emphasis added). Crucial to disposition of this case is that the Tripp joint venture agreement, by its own terms, specifically prescribes that any document executed on Tripp's behalf by Hukill is conclusive evidence of Hukill's authority in any dealings with third parties.

### AUTHORITY

In point of error one, Tripp argues that fact issues exist as to Hukill's authority to execute the security agreement. Tripp has not pleaded nor urged that an ambiguity in the written document exists; therefore, we must look to the four corners of the document. *Citizens Nat'l Bank v. Texas & Pacific Ry. Co.*, 136 Tex. 333, 150 S.W.2d 1003, 1006 (1941); *cert. denied*, 314 U.S. 656, 62 S.Ct. 109, 86 L.Ed. 526. Looking to the four corners of the joint venture agreement, the language and intent is clear. The summary judgment proof established as a matter of law that, as to third parties, Hukill's execution of the security agreement was conclusive as to his authority to pledge the CD on behalf of Tripp. Accordingly, we overrule point one.

### PAROL EVIDENCE

Tripp urges in his second point that the trial court erred as a matter of law in applying the parol evidence rule to exclude evidence that would show the invalidity of the written instrument or would show fraud in the inducement to enter into the security agreement. We disagree.

In the absence of fraud, mistake, or accident, extrinsic evidence is inadmissible to vary, supplement, or contradict the terms of a valid written instrument that on its face is complete and unambiguous. *Crozier v. Horne Children Maintenance and Educ. Trust*, 597 S.W.2d 418, 422 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.). Before extrinsic evidence is admissible, the proponent must make a showing of some type of trickery, artifice, or device employed by the payee. *Town North Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978); *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 108 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). When applicable, the fraud exception to the parol evidence rule goes only to the documents that evidenced the parties' agreement. *Texas State Bank v. Sharp*, 506 S.W.2d 761, 763 (Tex.Civ.App.—Austin 1974, writ ref'd n.r. e.).

Tripp concedes that *Town North*, *supra*, is controlling authority on fraud in the inducement, but argues that *Town North* does not control under the facts of this case.

> ... TRIPP VILLAGE, ... was not attempting to only offer evidence of fraud in the inducement with regard to statements made by MBANK to Ryon Hukill ..., but rather was attempting to offer evidence to establish that Ryon Hukill did not have the *authority* to bind TRIPP VILLAGE as principal.

Appellant's brief, p. 18. However, the pertinent documents in this cause are not just the note and security agreement, but also the joint venture agreement. The issue of authority of Hukill has been decided adversely to Tripp. We conclude that *Town North* controls.

The issue in *Town North* was whether the parol evidence rule excluded evidence tending to show that the maker was induced to sign the note by the payee's representation that the maker would not incur liability on the note. The supreme court held that the evidence was inadmissible. *Town North Nat'l Bank v. Broaddus*, 569 S.W.2d 489. Similarly, this Court held in *Simpson v. MBank Dallas N.A.*, *supra*, that parol evidence was inadmissible where a guarantor attempted to avoid his guaranty because of an alleged representation by the bank that his signing the guaranty was a "mere formality." There, this Court held that "to prove fraud in the inducement sufficiently to allow any exception to the parol evidence rule to come into play, one must show some type of trickery, artifice or device employed by MBank, in addition to showing that MBank represented to him that he would not be liable on the guaranty." *Simpson*, 724 S.W.2d at 108.

Tripp cannot prove fraud by extrinsic evidence unless it can first demonstrate that it was tricked into executing the security agreement. The record and, in particular, the depositions do not demonstrate that any trickery, artifice, or device was used by MBank to fraudulently induce Hukill to sign the security agreement; therefore, the parol evidence is inadmissible. We overrule point two.

## CONSIDERATION

Tripp asserts in its third point of error that summary judgment was improper because an issue of material fact exists as to whether the security agreement signed by Hukill granting MBank a security interest in Tripp's CD was supported by consideration. Clearly, sufficient consideration for a contract may consist of either a benefit to the promisor or a detriment to the promisee. *Jennings v. Radio Station KSCS*, 708 S.W.2d 60, 63 (Tex.App.—Fort Worth 1986), *op. after remand*, 745 S.W.2d 97 (Tex.App.—Fort Worth), *rev'd on other grounds*, 750 S.W.2d 760 (Tex.1988); *Hovas v. O'Brien*, 654 S.W.2d 801, 802–03 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Further, Texas law is well settled that the existence of a written contract presumes consideration for its execution. *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d at 107.

In the instant case, the consideration consists of MBank's $80,000 loan to Hukill, Inc. Tripp argues lack of consideration, because it did not receive any of these funds and, in addition, reiterates that Hukill was not authorized to pledge assets

of the joint venture. Again for reasons stated above, as to MBank, the joint venture agreement gave Hukill authority to pledge Tripp's assets. It is undisputed that Hukill, Inc. received $80,000. We overrule point three.

## CONSTRUCTIVE TRUST

■ In his fourth point, Tripp argues that there is a material issue of fact concerning the existence of a constructive trust which rendered summary judgment improper. A constructive trust is an equitable remedy based on the court's concern for preventing unjust enrichment in the absence of any legally enforceable fiduciary relationship. *Hamblet v. Coveney*, 714 S.W.2d 126, 127–28 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). A constructive trust is imposed by law where the person holding legal title would profit from a wrong or would be unjustly enriched if he were permitted to keep the property. *Johnston v. Mabrey*, 677 S.W.2d 236, 239–40 (Tex.App.—Corpus Christi 1984, no writ); *First Nat'l Bank of Amarillo v. Bauert*, 622 S.W.2d 464, 466 (Tex. App.—Amarillo 1981, no writ).

■ As we have repeatedly stated, paragraph 6.3 of the joint venture agreement authorized Hukill to execute any document or instrument on behalf of Tripp; it further stated that Hukill's signature as manager was conclusive evidence that Hukill had authority to execute documents on Tripp's behalf. MBank loaned $80,000 to Hukill, Inc. in exchange for a security interest in a CD owned by Tripp. Hukill, Inc. defaulted on the loan and MBank exercised its security interest in the CD. MBank, for reasons stated above, was entitled to rely on the joint venture agreement's terms. MBank did not commit any wrongful act; therefore, it could not profit from a wrong, nor be unjustly enriched. Consequently, we overrule point four.[1]

## CONVERSION

Tripp contends in point five that summary judgment was also improper because genuine issues of material fact exist as to whether MBank wrongfully converted Tripp's CD.

■ Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights. *Virgil T. Walker Constr. Co. v. Flores*, 710 S.W.2d 159, 160 (Tex.App.—Corpus Christi 1986, no writ); *Accent Builders Co. v. Southwest Concrete Sys., Inc.*, 679 S.W.2d 106, 110 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

■ As stated, Hukill's conclusive authority to act on behalf of Tripp has been established as a matter of law. Therefore, MBank lawfully acquired a security interest in the CD and, subsequently, the CD itself. Thus, as a matter of law, conversion cannot be shown. We overrule point five.

## CONSTRUCTIVE FRAUD

■ Tripp alleges in his sixth point of error that summary judgment was improper because genuine issues of material fact exist as to whether constructive fraud occurred when the security agreement was executed because of MBank's representations. Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interest. *Hamblet v. Coveney*, 714 S.W.2d at 131; *Jackson v. Julian*, 694 S.W.2d 434, 436 (Tex.App.—Dallas 1985, no writ).

■ Tripp has failed to demonstrate how MBank's actions deceived others, violated confidence, or injured public interest. This was a routine commercial transaction whereby the bank loaned money, and in

---

1. As part of its summary judgment evidence, Tripp demonstrates that the bank officer for MBank was aware, prior to the loan, that Hukill, Inc. was not associated with Tripp Village. Tripp's argument that under these circumstances the Bank was on actual notice that something was amiss, and therefore, the bank breached some sort of duty to inquire further about Hukill's individual authority is compelling. However, the joint venturers by their business agreement, absolved third parties of any duty to "double check" the venture manager's authority.

return, received a security agreement granting the bank a security interest in collateral. The summary judgment evidence demonstrates that MBank reviewed the joint venture documents and relied on them in lending Hukill, Inc. money. MBank, through its summary judgment evidence, stated that it would not have made the loan if the provision giving Hukill authority to execute instruments had not been included in the joint venture agreement. The joint venture agreement stated that it was conclusive evidence of Hukill's authority. We find nothing in the record to raise a fact issue concerning any fraudulent actions by MBank. We overrule point six.

### ATTORNEY'S FEES

Tripp asserts in its seventh and last point of error that the trial court abused its discretion in granting MBank attorney's fees. The standard for review of the award of attorney's fees under Texas Civil Practice and Remedies Code, section 37.009 (Declaratory Judgment) is abuse of discretion. Absent a conclusion, based upon the record, that the decision was arbitrary and capricious, the trial court judgment will not be disturbed. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex. 1985); *Agricultural Warehouse, Inc. v. Uvalle and Texas Employers Ins. Assn.,* 759 S.W.2d 691, 695 (Tex.App.—Dallas 1988, no writ).

It should be noted that the issue of attorney's fees was tried to the trial court. As Tripp has not presented a statement of facts regarding the trial, our review is limited to the record before us which includes findings of fact and conclusions of law. Tripp argues that the issues and equities in this case militate against award of MBank's attorney's fees against Tripp. In the absence of a statement of facts, though, all presumptions are that the trial court's findings are supported by the evidence. *Guthrie v. National Homes Corp.,* 394 S.W.2d 494, 495 (Tex.1965); *Mogford v. Mogford,* 616 S.W.2d 936, 942 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). The trial court found that

"the reasonable and equitable attorney's fees" were $32,842.50 and then found what reasonable and equitable attorney's fees would be in the event of an appeal. Under the record in this case, it cannot be concluded that the award of attorney's fees to MBank was arbitrary and capricious and, therefore, an abuse of discretion. We overrule Tripp's final point of error. Accordingly, we affirm the judgment of the trial court.