**ALAMO BANK OF TEXAS, Appellant,**

v.

**Oscar PALACIOS, Appellee.**

**No. 13–89–242–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 7, 1991.

H. Harman Camp, James D. Selman, III, McAllen, for appellant.

Israel Ramon, Jr., Robert D. Ralston, Edingburg, for appellee.

Before SEERDEN, BENAVIDES and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Alamo Bank of Texas appeals from a take-nothing verdict rendered against it in a suit to collect on a promissory note from Oscar Palacios. By six points of error, the bank asserts that the trial court erred in failing to find that it proved all of the elements of its cause of action, in finding that the note was conditionally delivered and that it was equitably estopped from collecting on it, in denying it recovery for fraud, in failing to find consideration to support the note, and in allowing Palacios to rely on untimely discovery and pleadings. We affirm the judgment of the trial court.

In 1985, Ponciano Garcia worked as a construction supervisor for Tech Management, a construction company operating in the Rio Grande Valley. The company mailed checks to Garcia that were payable to various subcontractors. Garcia forged the endorsements and cashed the checks at the bank. The total amount the bank paid on these checks was $11,274.90. When the bank discovered the forgeries, a representative of the bank, Jeff Fitch, confronted

Garcia and advised him that the bank would have to notify the Federal Bureau of Investigation (FBI). Appellee Palacios, Garcia's attorney and long time friend, contacted Fitch regarding the bank's loss on a note. At that time, Palacios was representing Garcia in a worker's compensation claim. Palacios anticipated that enough funds would be recovered in this claim to make up for the bank's losses. After discussing the matter with Fitch, Palacios and Garcia executed a note to the bank dated July 3, 1985, in the amount of $11,274.90. On October 28, 1985, this note was renewed in the amount of $8,663.42 and was again signed by Palacios and Garcia. On June 5, 1986, Garcia was found guilty of mail fraud by the United States District Court for the Southern District of Texas. He was sentenced to five years' probation and ordered to pay restitution to the bank for $11,-274.90.

On October 22, 1986, the bank filed suit against Palacios, alleging that demand had been made on the note in the amount of $8,663.42 and that Palacios had failed to pay the indebtedness. Palacios counterclaimed alleging usury, unfair debt-collection conduct, and conversion. He further asserted the affirmative defenses of conditional delivery and equitable estoppel.[1]

After a bench trial on January 10, 1989, the court entered findings of fact that the note in question was delivered subject to the condition that criminal charges would not be brought against Garcia, that the bank submitted a "long-form report" to the FBI, that the filing of this report was tantamount to the filing of criminal charges, and that at the time Palacios signed the note, the bank had already filed the report and concealed this material fact from Palacios. The court further found that this concealment was made with the intention that Palacios act on it, and that Palacios did act on it, that Palacios would not have signed the notes had he known that the report had been filed, that the bank told Palacios that no criminal charges would be filed against Garcia, and that the bank

created a false impression that no criminal charges had been or would be filed. The court further found that the bank did not suffer any loss by Palacios' signing of the note. The court then entered conclusions of law that the note was supported by legal consideration, that it was conditionally delivered to the bank, and that the affirmative defenses of conditional delivery and equitable estoppel barred the bank from recovering any amount from Palacios. The court entered a take-nothing judgment against both parties.

Initially, we note that the trial court's finding of fact that the filing of the "long-form report" was tantamount to the filing of criminal charges is improperly classified. This is a legal conclusion and will be properly treated as such on appeal.

By its sixth point of error, the bank claims the trial court abused its discretion in allowing Palacios to assert the affirmative defenses of conditional delivery and equitable estoppel. The bank claims that the trial court erred in allowing Palacios to amend his pleadings to include the affirmative defenses because he had previously sworn in amended answers to interrogatories that those defenses would not be pleaded in his second amended answer. The bank also argues that the trial court erred in allowing Palacios to amend his pleadings because at a prior hearing on Palacios' motion for continuance, the trial court ordered that no further discovery or pleadings would be allowed.

■ Tex.R.Civ.P. 63 provides that a pleading amendment offered within seven days of trial shall be filed only upon leave of court. The rule further provides that leave of court shall be granted unless there is a showing that the amendment will operate as a surprise to the opposite party. The decision to accept or reject an amendment is within the trial court's discretion. A trial court, however, has no discretion to refuse an amendment unless 1) the opposing party presents evidence of surprise or prejudice, or 2) the amendment asserts a new cause of action or defense, and thus is

---

1. These defenses were subsequently dropped and realleged; the propriety of the trial court's

allowance of these amendments is the subject of appellant's sixth point of error.

prejudicial on its face, and the opposing party objects to the amendment. *Greenhalgh v. Service Lloyds Ins. Co.,* 787 S.W.2d 938, 939 (Tex.1990).

■ Here, the bank objected on two grounds. It claimed that the trial court had previously ordered no further amendments to the pleadings in exchange for allowing a continuance. Second, the bank argued that Palacios had abused the discovery process because he had previously sworn under oath that he would replead and not allege those affirmative defenses.

We note, with regard to the bank's first argument, that the trial court did rule at the hearing on motion for continuance that Palacios file no further amendments or discovery. However, the trial court also informed Palacios at that same hearing that he could submit an order requesting permission to file a motion for leave to file an amendment in accordance with the rules of civil procedure. This comment by the trial court clearly leaves the impression that he was not totally foreclosing the possibility of future pleading amendments.

The bank also claimed that Palacios swore under oath that the affirmative defenses would not be realleged. The answers to interrogatories to which the bank refers actually state that the pleading allegations would be deleted in the next amended answer. Palacios complied with this statement and did not urge those defenses in his next amended pleading. His argument before the court was that after discovery was completed, he decided that those claims should be reasserted.

In determining whether the trial court abused its discretion we look to whether he made his ruling without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1986). Amendments should be liberally allowed. Tex.R.Civ.P. 63. The amendments here set up a defense which the bank may not have expected to be part of the case. However, the defenses that Palacios sought to include had been previously alleged and the bank had previously questioned Palacios in deposition on those defenses. The bank did not allege surprise; rather, it claimed unfairness in the trial court's action. The bank did not move for continuance to prepare for those defenses. While we, as jurists, may have decided the matter differently, we cannot say that the trial court's actions here were without reference to the rules concerning amended pleadings. We cannot say that the court's actions were so arbitrary that they amounted to an abuse of discretion. We overrule the bank's sixth point of error.

By a portion of its second point, the bank argues that evidence concerning conditional delivery and equitable estoppel are barred by the parol evidence rule. It claims that extrinsic evidence showing that Palacios was induced to sign the note by representations made by the bank is not admissible because it violates the parol evidence rule.

■ In the absence of fraud, accident or mistake, extrinsic evidence is inadmissible to vary the terms of a valid written instrument. *Tripp Village v. MBank Lincoln Centre,* 774 S.W.2d 746, 749 (Tex.App. —Dallas 1989, writ denied). A proponent must make a showing of some type of trickery, artifice or device. *Id.* The showing of trickery, artifice or device employed by the payee must be in addition to the showing that the payee represented to the maker that he would not be liable on the note. *Town North Nat'l Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978). Here, Palacios testified that he agreed to sign the note in exchange for the bank agreeing not to prosecute. At the time the bank agreed, it had already given the information to law enforcement authorities. The bank did not tell Palacios this fact. Palacios testified that had he been told, he would not have signed the note. This is some evidence of artifice or device on the bank's part to induce Palacios to sign the note which is separate from any representation on the bank's part concerning liability on the note. The trial court did not err in allowing the testimony. We overrule point of error number two only to the extent that the parol evidence was admissible.

By its third point of error, the bank asserts that the trial court erred in finding that it was equitably estopped from recov-

ering on the promissory note because the bank failed in its duty to disclose to Palacios the filing of the FBI report on the check fraud. The bank argues that there is no evidence of equitable estoppel, that Palacios was on notice to inquire about any relevant facts concerning the transaction, that the bank had no duty to disclose the FBI report, that the bank disclosed to Palacios that the forgeries had been reported and that the alleged agreement between the parties was illegal and unenforceable.

Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them. *First Nat'l Bank of Dallas v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). They are reviewable by the same standards as are applied in reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

Equitable estoppel, or estoppel by misrepresentation, is the effect of the voluntary conduct of a person by which he is precluded, both at law and in equity, from asserting rights against another person relying on such conduct; it arises when a person, by his acts, representations, or admissions or even by his silence when it is his duty to speak, intentionally or through culpable negligence induces another to believe that certain facts exist, and the other person rightfully relies and acts on such belief, and will be prejudiced if the former is permitted to deny the existence of such facts. *Clifton v. Ogle*, 526 S.W.2d 596, 602 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.).

Here, the evidence showed that the bank reported the forgeries to law enforcement authorities prior to the time that Palacios signed the note. There was evidence that the bank did not inform Palacios directly of this fact. Garcia knew that the

bank was required to report the offense. The evidence conflicts concerning what exactly he told Palacios about his meeting with bank officials. Fitch testified that he had reported Garcia's forgery to the FBI, the Alamo Police Department, and the United States Attorney's Office on March 22, 1985. Mark Eby, another bank representative, testified that the bank had contacted the local police department regarding Garcia's conduct prior to the execution of the note, and that the "crime had been reported immediately." He further testified that once the FBI gets involved in a prosecution it cannot be stopped. Palacios testified that he would not have signed the note if Fitch or anyone else had told him that the matter had already been reported and that he did not have notice or knowledge that the forgery had been reported. All parties agree that Palacios signed the note based on a promise concerning Garcia's prosecution. The specifics of the agreement were in dispute. Jeff Fitch said that the bank represented that it would not press charges when Palacios signed the note. Fitch also testified that the bank did not file charges. In fact, Fitch testified that he told a local FBI agent that the bank did not want to pursue the matter. Palacios made several claims concerning the agreement. At trial he stated that he signed the note on the condition that no federal charges be filed against Garcia. He testified that had he known the matter was already in the hands of the FBI, he wouldn't have signed the note. This is sufficient evidence to support the court's findings of fact that the bank concealed its knowledge of the material fact that it had already filed a report with the FBI, and to support the conclusions of law that the bank was equitably estopped from collecting on the note. Because the judgment can be sustained on this theory, it is unnecessary to discuss appellant's argument regarding conditional delivery, the other theory upon which the judgment is based. We need not reach the issues of whether the note was conditionally delivered or whether the filing of the report was "tantamount" to the filing of criminal charges. Appellant's third point of error is overruled.

By the bank's fourth point of error, it argues that the trial court erred in refusing its trial amendment for fraud. The bank alleged that there was testimony that Palacios falsely represented he would pay the note when he did not so intend. The bank did not plead fraud but alleged that it was tried by consent.

In order for an issue to be tried by consent, there must be evidence clearly establishing that both parties understood that the issue was being tried. *Sosa v. City of Corpus Christi*, 739 S.W.2d 397, 400 (Tex.App.—Corpus Christi 1987, no writ). Here, the testimony which the bank urges was the basis for trial by consent was testimony relevant to defensive matters which were pleaded. The clear import of Palacios' testimony was that he intended the note to be paid by Garcia; not that he intended that the note would not be paid. We find no abuse of discretion and overrule the bank's fourth point of error.

By its fifth point of error, the bank asserts that the trial court erred in "failing to find facts supporting consideration." By his single crosspoint, Palacios argues that the court erred in concluding that the note was supported by consideration. Although the trial court stated in its conclusion of law number one that the note was supported by consideration, appellant correctly alleges that all findings of fact are to the contrary and thus there are no findings of fact to support this conclusion. The court found in its findings fifteen through twenty that the bank did not suffer any loss or forbear a legal right as a result of Palacios' signing the note, that the bank did not incur or undertake responsibility which it would not otherwise have incurred had Palacios not signed the note, and that Palacios did not receive anything of value or suffer any detriment as a result of Palacios' signing the note. Nonetheless, valuable consideration for a contract may consist of either a benefit to the promisor or a detriment to the promisee. *Diamond Paint Co. of Houston v. Embry*, 525 S.W.2d 529, 533 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). The record shows that the Bank's representative testified that he would not have extended credit to Garcia if Palacios had not cosigned the note. Palacios admitted at trial that the Bank had extended credit to Garcia by means of the note, and that the Bank had a right to immediate payment. This is sufficient to support the finding that the Bank suffered a detriment by Palacios' signing of the note; hence, the contrary findings had no effect on the conclusion of law. Therefore, the trial court did not err in failing to make a finding of fact regarding consideration. Appellant's fifth point of error is overruled and Palacios' crosspoint is overruled.

By appellant's first point of error, appellant alleges that the trial court erred in failing to find that it proved all elements of its promissory note claim. Because of our determination that the evidence supports the trial court's finding that the bank is barred from collecting on the note on the basis of equitable estoppel, an affirmative defense, it is unnecessary to discuss this point of error. Appellant's first point of error is overruled.

Likewise, it is unnecessary to discuss the remainder of appellant's second point of error in which it argues that the trial court erred in finding that the note was conditionally delivered, because the judgment is upheld on the alternative theory of equitable estoppel. Appellant's second point of error is overruled, and the judgment is affirmed.