**Maria Luisa BARAJAS, Appellant,**

v.

**HOUSING AUTHORITY OF the CITY OF HARLINGEN, Appellee.**

No. 13–93–248–CV.

Court of Appeals of Texas, Corpus Christi.

July 21, 1994.

Justo Ybarra, Jr., Baltazar Coronado, Harlingen, for appellant.

Brendan Hall, Harlingen, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellee, the Housing Authority of the City of Harlingen, initiated eviction proceedings against appellant, Maria Barajas, after breach of a lease provision. When Barajas refused to vacate the premises, the Housing Authority brought suit against her for forcible detainer and subsequently filed a motion for summary judgment which was granted by the trial court. By two points of error, Barajas contends that the trial court erred in granting summary judgment because 1) the Housing Authority is not entitled to judgment as a matter of law and 2) genuine issues of material fact exist. We affirm the trial court's summary judgment.

Maria Barajas and Angel Segura lease an apartment from the Housing Authority. The lease states that Barajas and Segura are tenants of apartment 132 at the Le Moyne Gardens Housing Project. As required by the U.S. Department of Housing and Urban Development, one of the terms of the lease is that the tenant, members of the tenant's household, guests, and other persons under the tenant's control shall not engage in criminal activity, including drug-related criminal activity, on or near the Housing Authority's premises while the resident is in public housing. 24 C.F.R. § 966.4(f)(12) (1991). The lease provides that engaging in such criminal activity shall be cause for termination of the lease. *Id.*

Summary judgment evidence offered by the Housing Authority establishes that Angel Segura engaged in drug-related criminal activity on the Housing Authority's premises. Luis Gutierrez, an undercover officer, states in an affidavit attached to the motion for summary judgment that he was told by a confidential informant that several people were selling cocaine to virtually anyone who entered the Le Moyne Gardens Housing Project. After receiving this information, Gutierrez went to the housing project and met with Angel Segura behind the apartment Segura shares with Barajas. When Gutierrez told Segura that he was in the market to purchase some cocaine, Segura asked him how much he wanted. Gutierrez replied that he would like to buy $50.00 worth. An unknown man gave Segura two plastic bags of cocaine, which Segura then gave to Gutierrez in exchange for $50.00. Gutierrez left the premises and turned the bags of cocaine over to Investigator Terry Vinson. Laboratory test results confirmed that the bags contained cocaine. Segura was later apprehended and charged with delivery of a controlled substance. He pleaded guilty to this offense. Barajas submitted no summary judgment evidence.

In order to sustain a summary judgment, we must determine that the pleadings and summary judgment evidence establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every favorable reasonable inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex. 1985). When a party moves for summary judgment on several theories and the trial court enters summary judgment without specifying the ground relied upon, we affirm the summary judgment if any one of the

theories advanced is meritorious. *Martinez v. Corpus Christi Area Teachers Credit Union*, 758 S.W.2d 946, 950 (Tex.App.—Corpus Christi 1988, writ denied).

■ A motion for summary judgment must expressly state the grounds upon which it is made. *McConnell v. Southside School Dist.*, 858 S.W.2d 337, 341 (Tex.1993). A motion for summary judgment must stand or fall on the grounds expressly presented in the motion and a court may not rely on briefs or summary judgment evidence in determining whether grounds are expressly presented. *Id.* A summary judgment may not be granted on grounds which are not raised by the movant in his motion. *Mitre & Canseco v. Brooks Fashion Stores*, 840 S.W.2d 612, 616–17 (Tex.App.—Corpus Christi 1992, writ denied); *see Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984). A non-movant does not need to respond to the motion to complain on appeal that the motion was insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Otherwise, summary judgments may not be affirmed or reversed on grounds not expressly set forth in the motions presented to the trial court. *Id.* at 677; *Roberts v. Southwest Tex. Methodist Hosp.*, 811 S.W.2d 141, 144 (Tex.App.—San Antonio 1991, writ denied); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, no writ); *Dhillon v. General Accident Ins. Co.*, 789 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1990, no writ). In *Carlisle*, the Austin Court of Appeals stated:

> In construing the effect of the 1978 amendments to Rule 166a, the Texas Supreme Court has expressed a strong concern that, in an appeal from a summary judgment, issues to be reviewed by the appellate court must have been actually presented to *and considered by* the trial court. (Emphasis in original).

*Carlisle*, 805 S.W.2d at 518 (citing *Clear Creek Basin Auth.*, 589 S.W.2d at 675–77). Consequently, we address appellant's points of error only in context of the issues we find were expressly presented to the trial court by appellee's motion for summary judgment.

■ The lease reflects that Angel Segura and Maria Barajas are tenants of apartment 132 in the Le Moyne Gardens Housing Project. Additionally, Officer Gutierrez's affidavit together with laboratory test results establish that Segura delivered cocaine to Gutierrez behind apartment 132. The lease specifically provides for termination in the event a tenant engages in drug-related criminal activity on or near the Housing Authority's premises.

■ If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous, and the court will construe the contract as a matter of law. *R & P Enterprises v. La Guarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex.1980). The lease's language is not ambiguous. The only reasonable interpretation of the agreement is that the lease terminated when Angel Segura delivered cocaine to Officer Gutierrez behind apartment 132 of the Le Moyne Gardens Housing Project. After reviewing the entire record, we hold that no genuine issues of material fact exist.

Barajas maintains that her due process rights were violated because she did not receive a grievance hearing before being evicted. According to federal regulations, however, a Public Housing Authority (PHA) may exclude from the PHA grievance procedure any grievance concerning a termination of tenancy or eviction that involves any drug-related criminal activity on or near such premises. 24 C.F.R. § 966.51(a)(2) (1991). When a PHA is not required to offer the tenant a grievance procedure, the notice of lease termination must specify the judicial eviction procedure to be used by the PHA as well as the reason for termination. 24 C.F.R. § 966.4(*l*)(3) (1991).

The notice of termination of lease states that if the tenant does not voluntarily move from the apartment, a suit will be filed in the Justice Court to request an order requiring the tenant to move and to request reasonable attorney's fees necessary to obtain that order. The notice states that the lease terminated as a result of Segura's arrest for delivery of a controlled substance on the premises of the Housing Authority. The provisions of

the lease that Segura violated are also specified in the notice.

Barajas argues that in "the case at bar the procedural defect is the failure by the Harlingen Housing Authority even to consider the factors articulated in 24 C.F.R. § 966.4($l$)(5)(i)." [1]  Barajas contends that 24 C.F.R. § 966.4($l$)(5)(i) is mandatory and that the Housing Authority *must* conduct a totality-of-the-circumstances test in every case and *must* consider all of the factors specified in the section.  Barajas, however, cites no authority to support her contention.  The Housing Authority argues that § 966.4($l$)(5)(i) grants it discretion to either consider or not consider the circumstances of the case and the specified factors.  The record does not reflect whether the Housing Authority considered the circumstances of the case or the specified factors before terminating the lease.

We agree with the Housing Authority's interpretation of 24 C.F.R. § 966.4($l$)(5)(i).  Section 966.4($l$)(5)(i) does not require that the Housing Authority consider the circumstances of each and every case, nor does it require that the Housing Authority consider all of the specified factors.  We hold that 24 C.F.R. § 966.4($l$)(5)(i)[2] grants the Housing Authority discretion to decide whether it wants to consider 1) the circumstances of a case and 2) the specified factors.

Barajas' contention that the Housing Authority failed to follow federal regulations is without merit.  Appellant's first and second points of error are overruled.

The trial court's summary judgment is AFFIRMED.

---

1.  24 C.F.R. § 966.4($l$)(5)(i) (1991) states as follows:

(5) EVICTION FOR CRIMINAL ACTIVITY
(i) PHA discretion to consider circumstances.

In deciding to evict for criminal activity, the PHA shall have discretion to consider all of the circumstances of the case, including the seriousness of the offense, the extent of participation by family members, and the effects that the eviction would have on family members not involved in the proscribed activity.  In appropriate cases, the PHA may permit continued occupancy by remaining family members and may impose a condition that the family members who engaged in the proscribed activity will not reside in the unit.