Felipe HINOJOSA & Estela
Hinojosa, Appellants,

v.

**HOUSING AUTHORITY OF THE
CITY OF LAREDO, Appellee.**

No. 04–95–00728–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 26, 1997.

Victor Bush, Laredo Legal Aid Society, Inc., Laredo, for Appellants.

Daniel E. Ramirez, Laredo, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and STONE, JJ.

**OPINION**

HARDBERGER, Chief Justice.

This is a forcible entry and detainer action. Following a trial to the court, the trial judge entered a judgment awarding possession of the property to the Housing Authority and ordering Felipe and Estela Hinojosa to deliver possession of the property to the Housing Authority. On original submission to this court, the Hinojosas contended in two points of error that the trial court erred in(1) find-

ing that they breached their lease and (2) failing to issue findings of fact and conclusions of law. We previously sustained Mr. and Mrs. Hinojosa's second point of error and abated the appeal directing the trial court to enter findings of fact and conclusions of law. We have received these findings and conclusions and they are now part of the record in this case. We now address the merits of the Hinojosas' first point of error and affirm the judgment of the trial court.

## SUMMARY OF FACTS

Appellee, the Housing Authority of the City of Laredo, brought a forcible detainer suit against appellants, Felipe and Estela Hinojosa, for breach of a lease provision. The Hinojosas, along with their three children, lease an apartment from the Housing Authority at the Russell Terrace Public Housing Project in Laredo. As required by the U.S. Department of Housing and Urban Development, one of the terms of the lease, section O, provides as follows:

O. Neither the Tenant, nor any member of the Tenant's household, nor a guest, nor any other person under the Tenant's control shall engage in criminal activity, including drug-related criminal activity, on or near the Housing Authority's premises while the Resident is a Resident in public housing, and such criminal activity shall be cause of termination of tenancy.

The term "drug-related criminal activity" means the illegal manufacture, sale, distribution, use, or possession with intent to manufacture, sell, distribute, or use, a controlled substance.

It shall be considered a prohibited activity, a material breach of a Resident's Lease obligation, and grounds for termination of a Lease, for any Resident or anyone on the premises with the Resident's consent to do any of the following upon Housing Authority property:

1. To intentionally, knowingly, or recklessly carry on or about his person a deadly weapon;

2. To display a deadly weapon in connection with a verbal or non-verbal threat of bodily harm;

3. To shoot, fire, explode, throw or otherwise discharge a deadly weapon;

4. To inflict any injury upon another person through the intentional use of a deadly weapon;

5. To inflict any injury upon another person through the reckless, careless or negligent use of a deadly weapon.

6. The following criminal activities by any Household member, ON OR OFF THE PREMISES, shall be a violation of the Lease:

a. Any crime of physical violence to persons or property,

b. Illegal use, sale, or distribution of narcotics. PHA may terminate tenancy [for] criminal activity, and consequently may evict members of the household, "BEFORE OR AFTER CONVICTION OF THE CRIME."

The Housing Authority based lease termination on Felipe's criminal activity. Specifically, termination was based on Felipe's possession of cocaine and evasion of arrest.

At trial, an officer testified that he had attempted to arrest Felipe for possession of cocaine about three blocks away from the housing project after finding a tin foil of a white powdery substance on his person, but Felipe escaped. Felipe was subsequently arrested for possession of cocaine and for evading arrest. A prosecutor testified that his case report showed that a chemical analysis of the substance determined it to be cocaine. However, the State did not prosecute Felipe due to the likelihood the court would suppress the evidence. Felipe testified that he did evade the arrest, but denied the possession allegations.

The trial court granted the Housing Authority's detainer, and issued, pursuant to order of this court, the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Defendants entered into a lease agreement with Plaintiff to lease Plaintiff's premises located at 3109 Maryland, Apt. 80–A, in Laredo, Webb County, Texas.

2. The lease agreement provides for termination of the lease in the event a tenant, any member of the tenant's household, or a guest, or any other person under the tenant's control engages in criminal activity on or near the Housing Authority's premises.

3. Defendant Felipe Hinojosa was stopped near the Housing Authority's premises by a law enforcement officer and believed to have on his person a white powdery substance which laboratory tests determined to be cocaine. Defendant escaped and was later arrested on the leased premises and charged with possession of a controlled substance and evading arrest.

4. Defendants received notice to vacate for having breached the lease agreement by having engaged in criminal activity near the Housing Authority.

5. Defendants refused to vacate premises.

### CONCLUSIONS OF LAW

1. Defendant Felipe Hinojosa violated the lease agreement by having engaged in criminal activity (possession of a controlled substance, and evading arrest) on (evading arrest) and near (possession of a controlled substance) the leased premises, whereby Plaintiff based on the totality of the circumstances terminated the lease.

2. Defendants are guilty of forcible detainer.

3. Plaintiff is entitled to recover of and from Defendants the property described at 3109 Maryland, Apt. 80–A, in Laredo, Webb County, Texas.

### DISCUSSION

Mr. and Mrs. Hinojosa claim that the "trial court erred in granting judgment for forcible detainer for appellees without sufficient finding of breach of the relevant lease." They contend that the Housing Authority "failed to prove adequately that [they] breached the relevant section of the lease." The Hinojosas essentially challenge the sufficiency of the evidence supporting the trial court's findings. Because it is not clear from their brief if the Hinojosas challenge the legal or factual sufficiency of the evidence, we will address both. Findings of fact entered in a case tried to the court have the same force and effect as a jury's verdict. *Alamo Bank of Tex. v. Palacios,* 804 S.W.2d 291, 295 (Tex. App.—Corpus Christi 1991, no writ). The trial court's findings are reviewable for legal and factual sufficiency of the evidence to support them under the same standards applicable in reviewing sufficiency of the evidence supporting a jury's verdict. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In considering a "no evidence" or legal insufficiency point, we consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988). "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). In considering a "great weight" or factual sufficiency point, we assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

The evidence presented in the instant case established that Mr. and Mrs. Hinojosa were tenants of apartment 80–A in the Russell Terrace Public Housing Project in Laredo, Texas. Additionally, the officer's testimony, together with the prosecutor's testimony regarding the lab reports, established that Felipe Hinojosa possessed cocaine approximately three to four blocks from the housing project and evaded arrest at the housing project. The lease specifically provides for termination in the event a tenant engages in criminal activity on or near the Housing Authority's premises. If a written instrument is worded so that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous and a court may construe the contract as a matter of law. *R & P Enters. v. La Guarta, Gavrel & Kirk, Inc.,* 596

S.W.2d 517, 519 (Tex.1980). The language of the lease at issue in this case is not ambiguous. The only reasonable interpretation of the parties' agreement is that the lease terminated when Felipe Hinojosa engaged in criminal activity near the leased premises by possessing cocaine four blocks away and on the leased premises by evading arrest on the grounds of the housing project.

 Mr. and Mrs. Hinojosa nevertheless contend that the lease provision should be construed in such a manner that evading arrest is not a sufficient basis to claim violation of the lease and the phrase "on or near the premises" does not extend to the location of the incidents at issue in this case. They first argue that the specific language of the lease provision in question, which provides that "illegal use, sale, or distribution of narcotics" constitutes a "material breach" or "grounds for termination," should control over the general language of the provision regarding criminal activity. Accordingly, they assert that mere possession of cocaine and an evasion of arrest should not be considered criminal activity because they are not specifically enumerated in the criminal activity section. While it is true that general terms appearing in a contract are overcome and controlled by specific language dealing with the same subject, *City of San Antonio v. Heath & Stich,* 567 S.W.2d 56, 60 (Tex.Civ. App.—Waco 1978, writ ref'd n.r.e.), we cannot agree that application of this rule of contract construction to the lease provision in question produces the result asserted by the Hinojosas. To construe the lease in the manner suggested by the Hinojosas would defy logic in at least two respects. First, such a construction ignores the definition of "drug-related criminal activity" made a part of the lease, which includes possession with intent to use. Second, limiting criminal activity to the two crimes delineated as violations of the lease if committed on or off the premises in effect renders the first five acts listed prior to this provision *non*-criminal activity—a result certainly not intended by the parties as the acts listed involving use of a deadly weapon are obviously crimes in and of themselves. Courts should examine and consider the entire writing when construing the language of a contract in an effort to harmonize and give effect to all of the provisions. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). Reading the lease at issue in this case as a whole, it is logical to conclude that the term "criminal activity" as used in the general portion of the lease was intended to include any crime committed by a tenant, not just the crimes listed in section O(6)(b). Possession of controlled substances is a crime in Texas. Tex. Code Health & Safety §§ 481.115–.119 (Vernon 1994). Evading arrest is also a crime in Texas. *Id.* § 38.04. Accordingly, the activity for which Felipe was arrested was covered by the lease provision in question.

 With regard to the phrase "on or near the Housing Authority's premises" included in the lease provision, Mr. and Mrs. Hinojosa claim that the phrase is ambiguous and, as such, should be construed against the drafter of the lease—the Housing Authority—to mean that termination of the lease is only appropriate for offenses committed "on" the premises, unless stated otherwise as is the case with "use, sale, or distribution of narcotics." It appears that the Hinojosas are arguing that the term "near" should only apply to the offenses listed in section O(6)(b) of the lease—crimes of physical violence and the illegal use, sale, or distribution of narcotics—and, consequently, all other offenses must be committed "on" the leased premises to justify termination of the lease. We cannot agree with this argument. We concluded above that the term "criminal activity" as used in the lease provision includes both evasion of arrest and possession of controlled substances such as cocaine, and is not limited to those criminal activities listed in section O(6)(b) of the lease. It follows that the location at which the offenses are committed—"near" the premises for example—should not be limited to apply only to the offenses listed in section O(6)(b). Put differently, if we construe the first paragraph in section O referring to "criminal activity" in general to include all activity constituting a crime in Texas, we should apply the location requirements articulated in the same sentence—"on or near the Housing Authority's premises"—to all offenses constituting a crime in Texas, including Felipe's offenses of

evading arrest and possessing a controlled substance. Accordingly, we conclude that the appropriate inquiry is whether these offenses were committed on or near the leased premises.

■ We consider the issue of whether the lease allows for termination when an offense, other than the ones listed in section O(6)(b), is committed "near" the premises only for the sake of completeness. Resolution of this issue is not necessary to our disposition of this case. The trial court found, and the evidence is legally and factually sufficient to support a finding, that Felipe evaded arrest *on* the leased premises. The Hinojosas do not contest the fact that Felipe evaded arrest on the leased premises, and they do not claim that the term "on" is ambiguous. Because evading arrest constitutes criminal activity, and such criminal activity, if engaged in "on" the leased premises may result in termination of the lease, the Housing Authority was justified in terminating the lease for Felipe's actions in this regard alone.

Having determined that (1) the lease is not ambiguous, (2) evading arrest and possession of controlled substances constitute criminal activity to which the lease provision in question applies, and (3) these offenses, if committed "on or near" the leased premises, justify termination of the lease, we find more than a scintilla of evidence to support the trial court's finding that the Hinojosas breached their lease with the Housing Authority. Moreover, we cannot conclude that the court's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. Mr. and Mrs. Hinojosa's first and only remaining point of error is overruled.

The judgment of the trial court is affirmed.