

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00546-CV

Jonese M. **ORTEGON**,
Appellant

v.

**HOUSING AUTHORITY OF BEXAR COUNTY**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 375315
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:         Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  April 30, 2014

AFFIRMED

Appellant Jonese Ortegon complained to employees of Appellee Housing Authority of Bexar County (HABC) about its alleged failures to properly maintain her home. According to HABC, Ortegon threatened its employees, and her threats violated the terms of her lease. HABC notified Ortegon that her lease was terminated, but she refused to move out. HABC filed a forcible detainer action, the trial court awarded possession to HABC, and Ortegon appeals. Because the evidence was legally and factually sufficient to support the necessarily implied findings, we affirm the trial court's order.

## BACKGROUND

Ortegon leased a home in Bexar County from HABC under a Low Rent Dwelling Lease agreement. According to Ortegon, she repeatedly asked HABC to repair her home's air conditioner, but HABC failed to do so properly. When she received an unaffordably high electricity bill, she went to HABC's offices and complained to its employees.

According to testimony from HABC employees, Ortegon caused them to become fearful of imminent serious bodily injury when she allegedly said "As upset as I am right now, you're lucky I don't have a gun or I would start shooting people."[1] Based on Ortegon's statements, HABC notified Ortegon in writing that her threats violated the terms of her lease and the lease had been terminated. When Ortegon refused to vacate the premises, HABC filed a forcible detainer action.

The justice of the peace awarded possession to HABC, issued a writ of possession, and Ortegon appealed. After a trial de novo to the county court at law bench, the trial court awarded HABC possession of the premises and its attorney's fees. After the trial court issued its writ of possession, Ortegon posted a supersedeas bond. Representing herself, Ortegon appeals the trial court's order.

## EVICTION ORDER CHALLENGE

In her pro se brief, Ortegon complains she had no opportunity to respond to HABC's arguments, she is indigent and should not have to pay the assessed attorney's fees, and the trial court erred because she did not violate her lease terms. Even liberally construing Ortegon's brief, we conclude her only issue that was not waived was her complaint that the eviction order is improper because she did not violate her lease terms. *See* TEX. R. APP. P. 38.1(f), (i) (brief

---

[1] In a separate proceeding, the district court issued a temporary injunction prohibiting Ortegon from, inter alia, being at certain HABC locations or near certain HABC employees.

requirements); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) (briefing waiver). We turn to Ortegon's sole surviving issue.

## A.    Standard of Review

Ortegon asserts there is no evidence that she violated the terms of her lease. We construe her complaint as a challenge to the sufficiency of the evidence.

"In a [bench] trial, where no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *accord Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam). If a reporter's record is filed, an appellant may challenge the legal and factual sufficiency of the court's implied findings. *Heine*, 835 S.W.2d at 84; *Roberson*, 768 S.W.2d at 281; *Volume Millwork, Inc. v. W. Houston Airport Corp.*, 218 S.W.3d 722, 729 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). We conduct the sufficiency reviews using the same standards applicable to a jury's findings. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *Roberson*, 768 S.W.2d at 281.

### 1.    Legal Sufficiency

We review the legal sufficiency of the implied findings by crediting favorable evidence that a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Ingham v. O'Block*, 351 S.W.3d 96, 100 (Tex. App.—San Antonio 2011, pet. denied). We "consider [the] evidence in the light most favorable to the [finding], and indulge every reasonable inference that would support it." *City of Keller*, 168 S.W.3d at 822; *accord Drury Sw., Inc. v. Louie Ledeaux #1, Inc.*, 350 S.W.3d 287, 291 (Tex. App.—San Antonio 2011, pet. denied). "[I]f there is more than a scintilla of evidence to support the finding," the evidence is legally sufficient. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *accord Heine*, 835 S.W.2d at 84.

*2.       Factual Sufficiency*

We review the factual sufficiency of the findings by considering all of the evidence in the record. *Ortiz*, 917 S.W.2d at 772; *Flying J Inc. v. Meda, Inc.*, 373 S.W.3d 680, 690 (Tex. App.—San Antonio 2012, no pet.).  If the appellant did not have the burden of proof on the adverse finding, the appellant must show the evidence is insufficient to support the finding.  *Johnson v. Waters at Elm Creek L.L.C.*, 416 S.W.3d 42, 47 (Tex. App.—San Antonio 2013, pet. denied) (quoting *Flying J Inc.*, 373 S.W.3d at 690–91).  We will set aside the order "only if the evidence that supports the [implied] finding is so weak as to make the [order] clearly wrong and manifestly unjust."  *Brown v. Traylor*, 210 S.W.3d 648, 667 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *accord Flying J Inc.*, 373 S.W.3d at 691; *Ruiz v. Guerra*, 293 S.W.3d 706, 718 (Tex. App.—San Antonio 2009, no pet.).

## B.       Applicable Law

If a tenant refuses to surrender possession of real property after a proper, written demand for possession by one entitled to such possession, the tenant commits a forcible detainer.  TEX. PROP. CODE ANN. § 24.002 (West 2000); *see Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915 (Tex. 2013); *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  The purpose of a forcible detainer action is to determine who has the right to possession of the premises.  *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984).  "To prevail in a forcible detainer action, . . . the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession."  *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.); *accord Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).  A plaintiff may demonstrate its superior right to possession by showing it is entitled to evict the tenant for cause,

such as under the terms of the lease.[2]  *See Hinojosa v. Hous. Auth. of Laredo*, 940 S.W.2d 763, 765–66 (Tex. App.—San Antonio 1997, no writ); *Barajas v. Hous. Auth. of Harlingen*, 882 S.W.2d 853, 855–56 (Tex. App.—Corpus Christi 1994, no writ).

**C.    Analysis**

*1.    Ortegon's Argument*

Ortegon asserts that, given the lack of evidence to support any breach of her lease, she should be able to remain in her home.  She insists she did not commit any violent act against HABC personnel or take a weapon to HABC offices, she has not been found guilty of any crime, and she is not under any criminal indictment.  We must decide whether the evidence is sufficient to support the trial court's eviction order that necessarily found HABC has a superior right to immediate possession of the property.  *See Marshall*, 198 S.W.3d at 785; *Dormady*, 61 S.W.3d at 557.

*2.    Lease, Right to Possession*

To prove its superior right to immediate possession, HABC submitted a copy of Ortegon's lease.  *See Hinojosa*, 940 S.W.2d at 765–66.  Ortegon does not dispute the existence of the lease or its terms.  The relevant lease term (paragraph 7.Q.) reads as follows:

> Resident Agrees:
> . . .
> Q. that the Resident . . . shall not engage in (1) any criminal activity that threatens the health, safety or right to peaceful enjoyment of the neighborhood or other residents or employees of the Housing Authority . . . .  Any criminal activity in

---

[2] If the plaintiff is a federally-regulated public housing authority (PHA), federal regulations impose certain requirements on PHA leases and also permit eviction in certain circumstances.

> The PHA may evict the tenant by judicial action for criminal activity in accordance with this section if the PHA determines that the covered person has engaged in the criminal activity, regardless of whether the covered person has been arrested or convicted for such activity and without satisfying the standard of proof used for a criminal conviction.

24 C.F.R. § 966.4(l)(4)(iii) (2013); *accord Hinojosa v. Hous. Auth. of Laredo*, 940 S.W.2d 763, 766 (Tex. App.—San Antonio 1997, no writ); *Barajas v. Hous. Auth. of Harlingen*, 882 S.W.2d 853, 856 (Tex. App.—Corpus Christi 1994, no writ).

violation of the preceding sentence shall be cause for termination of tenancy, and for eviction from the dwelling unit.

Reviewing the plain language of the lease, we determine that it is not ambiguous, and we construe it as a matter of law. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983) ("If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the [lease] as a matter of law."); *Hinojosa*, 940 S.W.2d at 765. We conclude that if Ortegon threatened the safety of an HABC employee, conduct that is prohibited by Ortegon's lease and federal regulations, she would be subject to eviction. *See Hinojosa*, 940 S.W.2d at 765; *see also* 24 C.F.R. § 966.4(l)(2)(iii)(A) (2013). We now turn to the evidence pertaining to Ortegon's alleged threats.

### 3. *Evidence of Ortegon's Threats*

The trial court heard HABC employees testify that Ortegon came to their office, she was upset and yelling, and she threatened them. One HABC employee testified that, as Ortegon was leaving, she turned around and said they "were lucky she did not have a gun because she would start shooting." Another witness testified—based on her memory and her contemporaneous record of Ortegon's statement—that Ortegon said "As upset as I am right now, you're lucky I don't have a gun or I would start shooting people." Both testified that Ortegon's statement made them believe Ortegon was threatening their safety, and each was afraid of immediate harm. *See, e.g.*, TEX. PENAL CODE ANN. § 22.07 (West 2011) (defining the offense of terroristic threat as where "[a] person . . . threatens to commit any offense involving violence to any person . . . with intent to . . . place any person in fear of imminent serious bodily injury"); *id.* § 36.06(a)(1)(A) (making it an offense to threaten to harm a public servant); *id.* § 42.01(4) (making it an offense to "threaten[] a person in a public place in an obviously offensive manner"). One witness testified she was so afraid that she immediately called the police.

In rebuttal, Ortegon at first denied she made the statement, then admitted she "might have," but insisted she never said she was going to kill anybody; she was just using a figure of speech.

*4. Sufficient Evidence*

Having reviewed the evidence[3] under the respective standards of review, we conclude the evidence is both legally and factually sufficient to support the implied findings that Ortegon threatened the safety of HABC employees, her threat constitutes criminal activity proscribed by the lease, and HABC demonstrated a superior right to immediate possession of the property. *See Marshall*, 198 S.W.3d at 785; *Dormady*, 61 S.W.3d at 557. We overrule Ortegon's complaint.

CONCLUSION

Ortegon asserts she should not be evicted from her home because she did not violate her lease's terms when she expressed her discontent to HABC employees. Having reviewed the evidence as required, we conclude it is legally and factually sufficient to support the necessarily implied findings underpinning the trial court's eviction order. We affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[3] In her pro se brief, Ortegon attached a number of documents that are not part of the appellate record; we do not consider them. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam); *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.).