

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00278-CV

**PEACOCK HOSPITALITY, INC.** d/b/a Holiday Inn Express-Burnet,
Appellant

v.

Bipin **PATEL** and Mahadev, LLC,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-04054
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  July 22, 2015

AFFIRMED

Although this appeal originally arose from two summary judgments, one in favor of the appellees Bipin Patel and Mahadev, LLC and the other in favor of First National Bank, N.A., we previously dismissed the appeal of the summary judgment in favor of First National Bank, N.A.[1] *See Peacock Hospitality, Inc. v. Patel*, No. 04-13-00278-CV, 2014 WL 7340520 (Tex. App.—San Antonio Dec. 23, 2014, no pet.).  In addition, this court also previously disposed of a related appeal

---

[1] Prior to the dismissal, the Federal Deposit Insurance Company had been appointed as receiver for the Bank.

arising from the same facts involving the appellant's claims against an insurance company.[2] *See Peacock Hospitality, Inc. v. Ass'n Cas. Ins. Co.*, 419 S.W.3d 649 (Tex. App.—San Antonio 2013, no pet.). Because the parties filed their briefs before we dismissed the appeal against the Bank, the brief filed by the appellant Peacock Hospitality, Inc. d/b/a Holiday Inn Express-Burnet addresses issues relating to the Bank; however, we only address the issues raised in the brief relating to Peacock's claims against Patel and Mahadev. Although Peacock raises several issues, the disposition of this appeal turns on whether Peacock had a legal right to insurance proceeds following a foreclosure sale. Because we hold Peacock did not have a legal right to the proceeds, we affirm the trial court's judgment.

## BACKGROUND

The facts underlying Peacock's claims against Patel and Mahadev are set forth in greater detail in our prior opinion involving the claims against the insurance company. *See Peacock Hospitality, Inc.*, 419 S.W.3d at 650-51. To briefly summarize, after Peacock defaulted on its loan to the Bank which was secured by a lien against a hotel under the terms of a Deed of Trust, the hotel sustained water damage. After the Bank sent notice of foreclosure, the insurance company issued a check for $33,323.11 based on its evaluation of the water damage. The check was jointly payable to Peacock and the Bank; however, Peacock refused to endorse the check. The Bank foreclosed on its lien and purchased the hotel at foreclosure. Almost three months later, the Bank sold the hotel to Mahadev, of which Patel was the sole director and managing member. Seven months after the foreclosure sale, the insurance company re-issued the check payable to the Bank, Patel, and Peacock. The Bank cashed the check and gave the proceeds to Mahadev because it had paid to repair the water damage.

---

[2] The summary judgment in favor of the insurance company was severed from the claims against the appellees. *See Peacock Hospitality, Inc.*, 491 S.W.3d at 652.

Peacock sued the insurance company, the Bank, and Patel alleging both tort and breach of contract claims. Patel and Mahadev moved for summary judgment asserting the Bank's purchase of the hotel at foreclosure divested Peacock of any right, title, or interest in the insurance proceeds based on provisions contained in the Deed of Trust and the insurance policy. In its response, Peacock asserted: (1) the Bank did not acquire an interest in the insurance proceeds because the Bank only foreclosed on the real property; (2) the insurance policy prohibited Peacock from assigning its interest in the policy to the Bank; (3) the Bank did not properly endorse the insurance company's check; and (4) the insurance proceeds could only be used toward payment of the indebtedness Peacock owed the Bank. As previously noted, the trial court granted summary judgment in favor of Patel and Mahadev, and Peacock appeals.

### STANDARD OF REVIEW

We review a summary judgment *de novo*. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We consider all the evidence in the light most favorable to the respondent, indulging all reasonable inferences in favor of the respondent, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

Insurance policies and deeds of trust are subject to the same rules of interpretation and construction as a contract. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 119, 126 (Tex. 2010); *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 867 (Tex. App.—Dallas 2005, no pet.). The construction of an unambiguous contract is question of law, which we review de novo. *Willis v. Donnelly*, 199 S.W.3d 262, 275 (Tex. 2006). In conducting a de novo review, we exercise our own judgment and give no deference to the trial court's decision. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). Our primary duty when construing an unambiguous contract is to ascertain the parties' true intent as expressed within the

four corners of the contract. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983); *Adams*, 154 S.W.3d at 867. We consider the instrument as a whole, attempting to harmonize and give effect to all its provisions. *Gilbert Tex. Constr., L.P.*, 327 S.W.3d at 126; *Coker*, 650 S.W.2d at 393; *Adams*, 154 S.W.3d at 867.

## DEED OF TRUST AND INSURANCE POLICY

Section 2.01(c) of the Deed of Trust required Peacock to obtain and deliver to the Bank insurance policies for all improvements and other property covered by the Deed of Trust with loss made payable to the Bank pursuant to a standard mortgage clause. Section 2.01(c) further provided:

> . . . . In the event of a foreclosure of this Deed of Trust, the purchaser of the Mortgaged Property shall succeed to all the rights of Grantor [Peacock], including any right to unearned premiums, in and to all policies of insurance assigned and delivered to Beneficiary [the Bank] pursuant to the provisions of this instrument.

As required by the Deed of Trust, Peacock obtained an insurance policy with a standard loss payable mortgage clause which stated:

> b. We will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interest may appear.
>
> c. The mortgageholder has the right to receive loss payment even if the mortgageholder has started foreclosure or similar action on the building or structure.

The Bank is the only mortgageholder listed in the policy.

## ANALYSIS

Construing the foregoing provisions, we hold the insurance policy required the insurance company to pay the Bank for the covered loss, and the Deed of Trust divested Peacock of any interest in the insurance proceeds following the foreclosure. *See BHNO Partners, Ltd v. Canterbury Joint Venture*, No. 96-2498, 1996 WL 531832, at *4-5 (E.D. La. Sept. 13, 1996), aff'd,

114 F.3d 1183 (5th Cir. 1997) (holding contractual language in deed of trust transferred debtor's right, title, and interest in insurance policy and proceeds to purchaser at foreclosure). Once divested of any interest in the insurance proceeds, Peacock did not have standing to challenge the manner in which the insurance proceeds were used by the Bank.[3] Although we previously held Peacock had a potential breach of contract claim against the insurance company, that holding was based on the insurance company not being able to enforce the Deed of Trust provision divesting Peacock of its rights. *See Peacock Hospitality, Inc.*, 419 S.W.3d at 654.

In both this appeal and the prior appeal, Peacock argued the insurance policy prohibited it from assigning the policy, and the foreclosure clause in the Deed of Trust only divested it of its rights in and to insurance policies assigned and delivered to the Bank. In the prior appeal, we questioned Peacock's argument as follows:

> Peacock cites no case to support its contention that an insured who assigns its rights under an insurance policy to a mortgagee can require the insurance company to pay the insured as opposed to the mortgagee. Peacock's contention is particularly questionable where the mortgagee is recognized as having an insurable interest under the express terms of the insurance policy. Because we resolve this appeal on another ground, we do not further address this issue.

*Id*. at 652. Peacock again cites no case to support its contention, and, as we also noted in our prior opinion, the cases Peacock does cite are cases in which the insurance company is seeking to enforce the anti-assignment clause in defending against claims made by an assignee against the insurance company. *See id*. By incorporating the standard mortgage clause in the insurance policy and listing the Bank as a mortgageholder, both the insurance company and Peacock recognized the Bank's right to the proceeds, thereby waiving any reliance on the anti-assignment clause.

---

[3] Peacock seeks to rely on the manner in which the Bank could generally use the proceeds in case of loss; however, the specific provision stating the effect of a foreclosure on the right to the proceeds controls over the more general provision applicable in the absence of a foreclosure. *See Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133-34 (Tex. 1994); *NuStar Energy, L.P. v. Diamond Offshore Co.*, 402 S.W.3d 461, 466 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Hinojosa v. Housing Authority of the City of Laredo*, 940 S.W.2d 763, 766 (Tex. App.—San Antonio 1997, no writ).

**CONCLUSION**

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice